**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SAID FARZAD,

             Petitioner-Appellee,

v.

SNOHOMISH COUNTY SUPERIOR
COURT; MARK ROE, Snohomish
County Prosecuting Attorney,

             Respondents-Appellants.

No.   18-35465

D.C. No. 2:17-cv-01805-MJP

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Argued and Submitted April 12, 2019
Seattle, Washington

Before: W. FLETCHER, CALLAHAN, and CHRISTEN, Circuit Judges.

The State of Washington, as the real party in interest, appeals the district

court's grant of Said Farzad's habeas petition under 28 U.S.C. § 2241. The district

court determined that the State had violated Farzad's double jeopardy rights by

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

recharging him with Felony Telephone Harassment on retrial. We have jurisdiction under 28 U.S.C. § 2253(a) and we affirm. We review de novo a district court's decision granting a petition for a writ of habeas corpus filed pursuant to § 2241. *Wilson v. Belleque*, 554 F.3d 816, 828 (9th Cir. 2009). Because the parties are familiar with the facts, we do not recite them here.

The double jeopardy clause bars retrial on a greater charge "after an acquittal [that is] implied by a conviction on a lesser included offense when the jury was given a full opportunity to return a verdict on the greater charge." *Price v. Georgia*, 398 U.S. 323, 329 (1970). In *Brazzel v. Washington*, 491 F.3d 976 (9th Cir. 2007), we applied this rule to Washington's "cannot agree" instruction. We held that absent other evidence of "irreconcilable disagreement," the jury's conviction on a lesser offense without writing "not guilty" on the greater offense is treated as an implied acquittal, rather than a hung jury. *Id.* at 982, 984. Although *Brazzel* reviewed a petition brought under 28 U.S.C. § 2254, its holding was not dependent on AEDPA's standard of review. *See id.* at 981.

As in *Brazzel*, the jury here was given a "cannot agree" instruction. It then convicted on the lesser misdemeanor charge without indicating a ruling on the greater charge. The jury deliberated for one day and made no comments on the felony charge—its only signal of deadlock was the failure to write "not guilty" on

2

Verdict Form A.  In *Brazzel*, we squarely determined that this alone failed to show "irreconcilable disagreement" such that there is "manifest necessity permitting a retrial." *Id.* at 982, 985.  We reach the same result here on de novo review.

To the extent the implied acquiescence doctrine is relevant to this analysis, Farzad did not acquiesce in a retrial on the greater offense of Felony Telephone Harassment.  A defense attorney is under no obligation to request polling of the jury or to accept a trial judge's invitation to do so.  The State was free to request polling as to Count I in an attempt to show deadlock and the "manifest necessity" of a mistrial, but it declined to do so.  Absent a showing of "irreconcilable disagreement," the jury's silence was an implied acquittal and the double jeopardy bar applies.  *See id.* at 982.

**AFFIRMED.**[1]

---

[1] We **DENY** the State's motion (Dkt 38) to vacate the district court's order and to remand with instruction to dismiss the case based on the fugitive disentitlement doctrine.  The fugitive disentitlement doctrine is "wholly irrelevant" where, as here, "the defendant has had his conviction nullified and the government seeks review." *United States v. Sharpe*, 470 U.S. 675, 681 n.2 (1985).